33 F.3d 55
 147 L.R.R.M. (BNA) 2192
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
OLYMPIC PLATING INDUSTRIES, INC., Respondent.
 No. 94-5643.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1994.
 
 Before: NELSON and DAUGHTREY, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 
 JUDGMENT
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Olympic Plating Industries, Inc., Canton, Ohio, its officers, agents, successors, and assigns, enforcing its order dated November 26, 1993, in Case No. 8-CA-25647, and the Court having considered the same,
 
 
 2
 It is hereby ORDERED AND ADJUDGED by the Court that the Respondent, Olympic Plating Industries, Inc., Canton, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Failing and refusing to bargain in good faith with United Paperworkers International Union Local No. 50063, a/w United Paperworkers International Union, AFL-CIO, CLC (hereinafter called the Union) regarding the wages, hours, and terms and conditions of employment of employees in the following unit appropriate for purposes of collective bargaining, by failing and refusing to abide by all the terms of the parties' 1990-1993 and April 14, 1993 agreements:
 
 
 4
 All production and maintenance employees employed in the Respondent's plant in Canton, but excluding office and clerical employees, professional employees, research and development employees, engineering employees, technical employees, guards, and foremen and supervisory employees, as defined in the National Labor Relations Act, as amended.
 
 
 5
 (b) Failing and refusing to make employees medical health insurance payments and employee vacation benefits payments as provided in its collective-bargaining agreement with the Union.
 
 
 6
 (c) Failing and refusing to abide by its April 14, 1993 agreement with the Union to pay medical claims owed unit employees and/or pay its delinquent insurance premiums; to pay employees the contractually required vacation benefits owed to them; and to provide an extension of medical insurance coverage for a period of 30 to 90 days after the close of its facility.
 
 
 7
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 8
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 9
 (a) make whole its unit employees by payment of employee medical health insurance payments and employee vacation benefits pursuant to the 1990-1993 contract with the Union.
 
 
 10
 (b) make whole its unit employees, with interest, for failure to abide by its April 14, 1993 agreement with the Union in the manner set forth in the remedy section of the Judge's decision.
 
 
 11
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 12
 (d) Mail to all unit employees copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 8 of the National Labor Relations Board (Cleveland, Ohio), after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced or covered by any other material.
 
 
 13
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 14
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 15
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 16
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 17
 WE WILL NOT fail and refuse to bargain in good faith with United Paperworkers International Union Local No. 50063, a/w United Paperworkers International Union, AFL-CIO, CLC regarding the wages, hours, and terms and conditions of employment of the following employees who constitute a unit appropriate for purposes of collective bargaining, by failing and refusing to abide by all the terms of our 1990-1993 and April 14, 1993 agreements:
 
 
 18
 All production and maintenance employees employed in our plant in Canton, but excluding office and clerical employees, professional employees, research and development employees, engineering employees, technical employees, guards, and foremen and supervisory employees, as defined in the National Labor Relations Act, as amended.
 
 
 19
 WE WILL NOT fail to honor the terms of our contract with the Union by failing to pay employee medical health insurance payments and failing to pay employee vacation benefits.
 
 
 20
 WE WILL NOT fail and refuse to abide by our April 14, 1993 agreement with the Union to pay medical claims owed unit employees and/or pay delinquent insurance premiums; to pay employees the contractually required vacation benefits owed to them; and to provide an extension of medical insurance coverage for a period of 30 to 90 days after the close of our facility.
 
 
 21
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 22
 WE WILL make whole our unit employees by payment of employee medical health insurance payments and vacation benefits pursuant to the terms of our 1990-1993 contract with the Union.
 
 
 23
 WE WILL make whole our unit employees, with interest, for our failure to honor the terms of our April 14, 1993 agreement with the Union.
 
 
 24
 OLYMPIC PLATING INDUSTRIES, INC.